IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RHINE ENTERPRISES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-810-DWD |
| | ) |
| REFRESCO BEVERAGE US, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this removed matter, Plaintiff Rhine Enterprises LLC, d/b/a Southern Illinois Beverage seeks to recover damages from Defendant Refresco Beverage US, Inc. for alleged violations of the Illinois Franchise Disclosure Act ("IFDA"), 815 ILCS 705/1, *et seq.* Now before the Court is Defendant's Motion to Dismiss (Doc. 4). Plaintiff filed a response (Doc. 13), to which Defendant replied (Doc. 15). For the reasons detailed below, the Motion will be granted.

### Background

Plaintiff alleges the following facts, which for the purposes of this motion are taken as true. *Hishhon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Plaintiff is a beverage distributor who distributes beverages to locations throughout Southern Illinois for various manufacturers as a franchisee (Doc. 1-1). Defendant produces and markets assorted beverages, selling its products through various distributors or franchisees throughout the United States, including Washington County, Illinois. In or about 2011,

1

Plaintiff and Defendant entered into an agreement whereby Plaintiff "would sell and distribute Defendant's Vess beverages in an exclusive sales territory or various Illinois counties, including Washington County, Illinois."  (Doc. 1-1, ¶ 6).

Defendant agreed that Plaintiff would be its exclusive distributor for its Vess beverages (Doc. 1-1-, ¶ 7).  To obtain the right to distribute Defendant's products, Plaintiff incurred certain expenses, including marketing expenses for the Vess products (Doc. 1-1, ¶ 9).  Under the agreement, Defendant prescribed a marketing plan under which Plaintiff was to "promote, sell and distribute" the Vess products throughout Plaintiff's territory (Doc. 1-1, ¶ 10).  Plaintiff's promotion, sale, and distribution of Defendant's Vess products were at all times substantially associated with Defendant's trademark or trade name, and Defendant contributed funds to Plaintiff for the purchase of promotional materials bearing Defendant's product name (Doc. 1-1, ¶ 11).

On or about April 20, 2021, Defendant terminated Plaintiff's exclusive distributorship.  Plaintiff claims Defendant terminated their agreement without "good cause" and without providing a notice of nonrenewal in violation of Sections 19 and 20 of the Illinois Franchise Disclosure Act ("IFDA"), 815 ILCS 705/19, 20.  Defendant further began selling its Vess products to a third party for distribution in Plaintiff's exclusive sales territory, in violation of Section 18 of the IFDA.  In Count I of its Complaint, Plaintiff seeks recovery for its damages and attorneys' fees under Section 26 of the IFDA.  Count II alleges violations of the Defendant's duty of good faith and fair dealing resulting from Defendant's termination of the franchise agreement.  Defendant now seeks to dismiss the

Complaint for a failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Claims filed within the federal courts are governed by Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. A plaintiff must provide enough detail "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (internal citations and markings omitted). For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the non-moving party, which in this case is Plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

### Discussion

Count I of Plaintiff's complaint alleges a cause of action under the IFDA for discrimination, wrongful termination of a franchise, and/or wrongful renewal of a franchise in violation of Sections 18, 19, and 20 of the Act. Defendant argues that Plaintiff has failed to state a claim under the IFCA because Plaintiff failed to adequately allege the terms of the alleged franchise agreement, including whether the agreement was written or oral, the specificities of the alleged marketing plan included in the agreement, the associated trademark, trade name, or other symbols used by Plaintiff, and the dates for termination or expiration of the agreement. Defendant further argues that Plaintiff failed to allege its full performance of the alleged agreement. Plaintiff responds, arguing that it is not required to plead facts akin to establishing a breach of the franchise agreement, but needs only plead the statutory elements for a violation under the IFDA.

The IFDA regulates the relationship between franchisees and franchisors in the State of Illinois. "The Act requires that franchises be registered with the Attorney General prior to sale, prohibits fraudulent or deceptive practices in connection with the sale of franchises, bans certain types of discrimination among franchises and regulates a franchisor's ability to terminate a franchise relationship." *See P&W Supply Co., Inc. v. E.I DuPont de Nemours & Co., Inc.*, 747 F.Supp. 1262, 1264 (N.D. Ill. 1990). The IFDA defines a "franchise" as "a contract or agreement, either express or implied, whether oral or written, between two or more persons by which:

> (a) a franchisee is granted the right to engage in the business of offering, selling, or distributing goods or services, under a marketing plan or system prescribed or suggested in substantial part by a franchisor; and

4

> (b) the operation of the franchisee's business pursuant to such plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate; and
>
> (c) the person granted the right to engage in such business is required to pay to the franchisor or an affiliate of the franchisor, directly or indirectly, a franchise fee of $500 or more . . .

815 ILCS § 705/3(1); *P&W Supply Co., Inc.*, 747 F.Supp. at 1264. "If any element is not satisfied, then the franchise relationship is not satisfied." *See Mechanical Rubber & Supply Co. v. American Saw and Mfg. Co.*, 810 F.Supp. 986, 991 (C.D. Ill. 1990).

The parties disagree as to the degree to which Plaintiff must allege the specific terms of the alleged franchise agreement. Defendant rightly notes that the complaint fails to detail many of the agreement's alleged terms, including whether the agreement was written or oral, the specificities of the alleged marketing plan included in the agreement, the associated trademark, trade name, or other symbols used by Plaintiff, and the dates for termination or expiration of the agreement. Plaintiff argues that such details are irrelevant to sustain a statutory claim under the IFDA. At this time, it is unnecessary for the Court to determine whether the IFDA requires Plaintiff to plead all of the specific terms of the alleged franchise agreement akin to establishing the existence of a contract under Illinois common law. It may be possible for a party to establish an IFDA violation without detailing every term of the alleged agreement. Nevertheless, the Court finds that Plaintiff has indeed failed to allege even the minimal facts necessary to establish the existence of a franchise relationship as defined by the IFDA. Plaintiff has further failed

to allege sufficient facts to support its conclusory statements that Defendant committed violation(s) of the IFDA.

Specifically, Plaintiff has failed to allege facts establishing the third element of a franchise – that Plaintiff was required to pay Defendant, or Defendant's affiliate a franchise fee of $500 or more. *See* 815 ILCS § 705/3(1)(c).  The IFDA defines "franchise fee", in part, as "any fee or charge that a franchisee is required to pay directly or indirectly for the right to enter into a business or sell, resell, or distribute goods, services or franchises under an agreement, including, but not limited to any such payment for goods or services . . ."  815 ILCS § 705/3(14).  The complaint alleges that Plaintiff incurred expenses of at least $500 in order to obtain the right to distribute Defendant's Vess products (Doc. 1-1, ¶ 9).  On its own, the mere incurrence of unspecified expenses does not reasonably equate to an inference that Plaintiff actually *paid* a $500 franchise fee to Defendant or Defendant's affiliate.  Moreover, certain expenses are expressly excluded from the definition of a "franchise fee" under the IFDA.  *See* 815 ILCS § 705/3(14)(a)-(f). Plaintiff has not pled any factual details to infer whether the $500 expenses it incurred fit within the statutory definition for a "franchise fee." *See P&W Supply Co., Inc.*, 747 F.Supp. at 1265 ("For a payment to be considered a franchise fee it must fit precisely within the statutory definition.").  Therefore, Plaintiff has not alleged sufficient facts to establish the existence of a franchise within the confines of the IFDA.

Plaintiff also failed to sufficiently allege violations of Sections 18, 19, and 20 under the IFDA.   Section 18 of the IFDA prohibits franchisors from "unreasonably and materially" discriminating between franchisees "in the charges offered or made for

franchise fees, royalties, goods, services, equipment, rentals or advertising services, if such discrimination will cause competitive harm to a franchisee who competes with a franchisee that received the benefit of the discrimination . . . ." 815 ILCS 705/18; *see P&W Supply Co.*, 747 F.Supp. at 1267 (the type of discrimination prohibited under the IFDA refers "only to price discrimination on the part of franchisors against competing franchisees."). Plaintiff has failed to detail any allegedly discriminatory acts committed by Defendant. Apart from a mere conclusory statement that Defendant committed a Section 18 violation by "selling its Vess products to a third party distribution in [Plaintiff's] exclusive territory" (Doc. 1-1, ¶ 16), Plaintiff failed to provide any facts to infer that this action was discriminatory under the IFDA. A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Palda v. General Dynamics, Corp.*, 47 F.3d 872, 875 (7th Cir.1995).

Likewise, Plaintiff failed to plead sufficient factual allegations to show a violation of Section 19. This section prohibits franchisors from terminating a franchise "prior to the expiration of its term except for 'good cause.'" 815 ILCS 705/19. The Act enumerates five examples of "good cause" in Section 19(b) and (c). "Good cause," however, is not necessarily limited to the five situations specified in the statute. *Id.* The complaint alleges that Defendant violated section 705/19 of the IFDA when Defendant "terminated [Plaintiff's] exclusive distributorship without good cause." (Doc. 1-1, ¶ 14). The complaint does not, however, allege any facts to infer that Defendant terminated the agreement prior to the expiration of its term.

Plaintiff argues that it does not need to plead details concerning the duration of the parties' franchise in its complaint because the IFDA's good cause termination requirements apply equally to the early termination of a fixed-term franchise agreement and to a franchise of an indefinite period (Doc. 13). The Court is not convinced, however, that the duration or term of the franchise agreement is irrelevant here. By its language, Section 19 prohibits franchisors from terminating a franchise "*prior to the expiration of its term* except for 'good cause.'" 815 ILCS 705/19 (emphasis added). At minimum, this language appears to require that the franchise still be in effect when it is terminated by the franchisor. While the actual duration of the alleged franchise may be irrelevant to the question of whether Defendant had "good cause" for termination, without any factual allegations detailing the term of the franchise, no reasonable inference can be drawn to conclude that Defendant terminated the franchise "prior to the expiration of its term." Therefore, the complaint also fails to allege a violation of Section 19.

Finally, as to Section 20, Plaintiff's complaint simply alleges that Defendant "failed to provide notice of nonrenewal of [Plaintiff's] franchise in accordance with Section 20 of the Act." (Doc. 1-1, ¶ 15). Section 20 of the IFDA prohibits franchisors from refusing to renew a franchise without compensating the franchisee where:

> (a) the franchisee is barred by the franchise agreement (or by the refusal of the franchisor at least 6 months prior to the expiration date of the franchise to waive any portion of the franchise agreement which prohibits the franchisee) from continuing to conduct substantially the same business under another trademark, service mark, trade name or commercial symbol in the same area subsequent to the expiration of the franchise; or

8

> (b) the franchisee has not been sent notice of the franchisor's intent not to renew the franchise at least 6 months prior to the expiration date or any extension thereof of the franchise.

815 ILCS 705/20(a)-(b). Again, whether a nonrenewal notice is required under Section 20, and when that notice must be sent, is determined in part by the expiration date of the franchise. Plaintiff's complaint does not allege any facts concerning the duration or term of the parties' franchise. Thus, Plaintiff has also failed to sufficiently plead a violation of Section 20 apart from conclusory statements. Count I of Plaintiff's complaint will therefore be dismissed for a failure to state a claim.

As for Count II of Plaintiff's complaint, the parties' briefing does not fully address their positions as to the sufficiency of this count. However, as the Court found that Plaintiff failed to sufficiently plead the existence of a franchise, Count II is likewise insufficiently pled, and will be dismissed.

## Conclusion

For the above stated reasons, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**. Plaintiff's Complaint is **DISMISSED, without prejudice**. Plaintiff is granted leave to file an amended complaint. Plaintiff shall file its amended complaint by **February 11, 2022**.

**SO ORDERED.**

Dated: January 22, 2022

_____
DAVID W. DUGAN
United States District Judge